IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| **OLD REPUBLIC GENERAL INSURANCE CORPORATION**, a/s/o PCM Services, Inc. and Regency Centers Corporation and Divisions, Inc.<br>    307 N. Michigan Avenue<br>    Chicago, IL  60601<br><br>    Plaintiff,<br><br>v.<br><br>**PENN NATIONAL INSURANCE COMPANY**<br>    Two North Second St.<br>    P.O. Box 2361<br>    Harrisburg, PA  17105-2361<br><br>and<br><br>**Jose Esau Noguera Cabrera d/b/a JNJ LAWN SERVICE**<br>    204 Janet Ct.<br>    Reistertown, MD 21136<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Old Republic General Insurance Corporation ("Old Republic"), as subrogee for PCM Services, Inc. and Regency Centers Corporation and Divisions, Inc., for its Complaint against defendant Penn National Insurance Company ("Penn National"), states and alleges as follows:

**INTRODUCTION**

1. By way of this action, Old Republic seeks a declaration that Penn National owes insurance coverage to Old Republic's insureds, PCM Services, Inc. and Regency Centers

Corporation and Divisions, Inc. (collectively "PCM"), under a policy issued by Penn National to JNJ Lawn Service and Jose Esau Noguera Cabrera (collectively "JNJ") and pursuant to JNJ's contract for services with PCM.

2. PCM was named as a defendant in a lawsuit filed in the Circuit Court for Baltimore County entitled *Johnnie Pollard v. Regency Centers Corp., et al.*, Case No.: C-03-CV-20-002026 arising out of injuries allegedly sustained by the plaintiff as a result of a slip and fall on ice on the shopping center's sidewalk ("the Underlying Action"). PCM contracted with JNJ to provide snow and ice removal, and is entitled to a defense and indemnification pursuant to the contract from JNJ's insurer, Penn National. Old Republic tendered the defense of the lawsuit to Penn National, and Penn National has refused the tender. This action is a result of Penn National's wrongful denial of its obligation to defend and indemnify Old Republic's insured for the litigation.

## THE PARTIES

3. Old Republic is a corporation headquartered in Chicago, Illinois, licensed to do business in Maryland.

4. Penn National is a corporation headquartered in Harrisburg, Pennsylvania, licensed to do business in Maryland.

5. JNJ Lawn Service is a business headquartered in Reistertown, Maryland, owned by Jose Esau Noguera Cabrera, a resident of Maryland. JNJ is named herein as an interested party only.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action under 29 U.S.C. §§ 2201 and 2302, pursuant to which Old Republic seeks the determination of the actual controversy that exists among the parties to this action, as more fully set forth below.

7.      Venue is proper pursuant to 28 U.S.C. § 1331, and there is diversity of citizenship between the parties.

## NATURE OF THE DECLARATORY JUDGMENT

8.      Old Republic seeks a declaration that Penn National owes a defense and indemnity for the Underlying Action to Old Republic's insured PCM under the policy of insurance Penn National issued to JNJ.

## THE DISPUTE

9.      JNJ undertook the responsibility for snow removal and treatment of ice at Valley Center, the location of the accident at issue in the Underlying Action, per its subcontract with PCM (Subcontract attached hereto as Exhibit A). The Subcontract provided for services from December 1, 2017 through April 30, 2018, which covers the date of loss, and includes work at the loss location, Valley Centre on Reisterstown Road in Owings Mills, Maryland (Exhibit A).

10.      The Subcontract provided for indemnification by JNJ to PCM as follows:

> 9. To the fullest extent permitted by law, Subcontractor agrees to indemnify, defend, and hold harmless PCM, each of PCM's parents and affiliates, *and the PCM Customer, and all their respective officers* . . . (each as "Indemnified Party"), from and against any and all actual, alleged, or threatened claims, losses, settlements, fines, liabilities, deficiencies, costs, or expenses (including reasonable attorney's fees) that are incurred, or otherwise required to be paid by *any such Indemnified Party*, to the extent caused by: (i) the

> performance of Subcontractor's obligations under this Subcontract, (ii) any act or omission of Subcontractor's officers, employees . . . in connection with the performance of services, or any failure to perform services, contemplated by this Subcontract, with actual or alleged, (iii) any concurrent negligence of any Indemnified Party and Subcontractor, or Subcontractor's officers, employees, . . . or subcontractors relating to or in connection with the performance of the services contemplated by this Subcontract, or (iv) the enforcement of this paragraph. To the fullest extent permitted by law, Subcontractor shall also, at its own cost and expense, defend any claim, suit, action, or proceeding, whether Subcontractor is a named party or not, which may be commenced *against any Indemnified Party,* to the extent caused by or in connection with any matter set forth in clause (1) through (iv), above. Subcontractor shall defend the Indemnified Parties against any such claim, suit, action, or proceeding from the time Subcontractor first receives notice of such claim, suit, action, or proceeding, whether from an Indemnified Party or otherwise, until a court of competent jurisdiction makes a final determination as to liability. Notwithstanding the foregoing, nothing contained in this Subcontract shall obligate Subcontractor to indemnify any Indemnified Party for any final judgment or award rendered in a claim, suit, action, or proceeding in which the finder of fact affirmatively determines that Subcontractor is not liable for the claims and that any Indemnified Party is solely liable for the claims.

(Ex. A, ¶ 9, emphasis supplied).

11. The Subcontract also required JNJ to include PCM as an additional insured on its commercial general liability insurance policy:

> 10. Contract Insurance Requirements. The Subcontractor shall procure, at its sole cost and expense, the insurance coverages set forth below, and shall maintain such coverages in full force and effect as specified in this Paragraph. The Subcontractor shall include Contractor as an additional insured to the insurance policies described below, except for Worker's Compensation, including ongoing and completed operations. The insurance coverage afforded under the policies described herein shall be primary and non-contributing with respect to any insurance carried independently by Contractor. All such insurance policies shall indicate that as respect to insured (whether named or otherwise), cross liability and severability of interest shall exist for all coverage's provided hereunder. In addition, all such insurance policies shall include a waiver of subrogation endorsement. The insurance specified below shall be placed with insurance companies reasonably acceptable to Contractor, with a minimum A.M. Best Rating of A- or VII, shall be written on an occurrence basis, and shall incorporate

a provision requiring the giving of notice to Contractor at least thirty (3) days prior to the cancellation or non-renewal of any such policies. The Subcontractor shall promptly furnish Contractor with certificates of insurance evidencing the insurance required hereunder, and shall not commence any services under this Agreement until such insurance is obtained.

(i) Commercial General Liability Insurance – A broad form Commercial General Liability Insurance Policy in form and substance reasonably acceptable to Contractor and including without limitation, appropriate endorsements adding the following coverages: Premises and Operations Liability; Explosion, Collapse and Underground Damage Liability; Personal Injury Liability (with employee and contractual exclusions deleted); Broad Form Property Damage Liability; Independent Contractors Coverage; Contractual Liability supporting the Contractor's indemnification agreements in this Contract; Completed Operations and Products Liability for a period of not less than three (3) years following the Contractor's acceptance of the Project. The Commercial General Liability Insurance Policy must be written with a combined single limit of liability of not less than $1,000,000 for each occurrence of bodily injury and/or property damage and an annual aggregate of liability per project of not less than $2,000,000 for bodily injury and/or property damage, and an annual aggregate of liability of not less than $2,000,000 for Completed Operations and Products Liability. The policy will be endorsed with a Per Project Aggregate endorsement.

(Exhibit A, ¶ 10).

12. The Certificate of Liability Insurance dated November 27, 2017 provided by JNJ to PCM confirming that coverage extends to PCM and its customers as additional insureds under Penn National's policy is attached as Exhibit B.

13. On January 8, 2018, Johnnie Pollard, an invitee, slipped and fell on black ice on the sidewalk outside the Dollar Store in Valley Centre, and made a claim against PCM and JNJ.

14. On January 8, 2018, JNJ provided snow treatment services at Valley Centre pursuant to the Subcontract with PCM, invoiced PCM and was paid for these services (*see* invoice attached as Exhibit C).

15. Old Republic issued a commercial general liability insurance policy to PCM, policy no. A-3CG-128017-00, with effective dates October 25, 2017 to October 25, 2018.

Regency is an additional insured under the Old Republic policy.

16. Penn National issued a commercial general liability insurance policy to JNJ, policy no. GL90741614, covering the date of loss. PCM is an additional insured under the Penn National policy.

17. Old Republic tendered the claim to Penn National for the defense and indemnity of its insured, PCM. Penn National declined to accept the tender, claiming it was "premature" since no lawsuit had been filed (*See* Old Republic's tender letter and Penn National's response, attached as Exhibits D and E).

18. On May 6, 2020, Pollard filed the Underlying Action against Regency, PCM's additional insured and JNJ, alleging that defendants' negligence caused his injuries as a result of his slip and fall (*See* Complaint attached hereto as Exhibit F).

19. PCM notified Old Republic of the Underlying Action, and Old Republic again tendered the claim to Penn National, which refused to accept the tender on grounds that the copy of the Subcontract was not executed by JNJ, and that JNJ had completed its work at the time of the accident (*See* Exhibits G and H).

20. On February 8, 2021, Old Republic, through counsel, requested that Penn National reconsider its wrongful denial of the tender of defense by PCM to JNJ (Exhibit I). Penn National maintained its denial of coverage, again relying on the fact that the copy of the Subcontract was missing a signature and stating "[h]owever, if you have a signed contract with our insured we ask that you forward it to our attention for review" (Exhibit J).

21. On May 14, 2021, JNJ's owner and corporate designee, Jose Esau Noguera Cabrera, was deposed in the Underlying Action. His testimony confirmed that he signed the Subcontract between PCM and JNJ and was operating under the agreement for snow and ice

removal services at Valley Centre at the time of the accident (*See* deposition transcript pages attached as Exhibit K).

22. In view of JNJ's sworn testimony, Old Republic reasserted its tender of the claim against its insured to Penn National (Exhibit L). To date, Penn National has not responded to the latest tender request by Old Republic.

23. Old Republic has been forced to hire defense counsel to appear on behalf of and defend PCM in the Underlying Action, incurring attorneys' fees and expenses, and may be required to make indemnity payments under its policy for settlement or any judgment that may be awarded against PCM.

24. As a result of the foresaid payments and obligations, pursuant to its contract of insurance and by operation of law, Old Republic is subrogated to the rights of PCM against all parties responsible for the claims and resulting damages.

25. An actual controversy exists between Old Republic and Penn National with respect to Penn National's obligation to undertake the defense of PCM in the Underlying Action.

## COUNT I

26. Old Republic realleges, adopt and incorporate herein by reference paragraphs 1 – 25 inclusive, as if fully set forth herein.

27. Pursuant to the agreement between PCM and JNJ, JNJ is required to indemnify PCM for any claims arising from negligent acts or omissions of JNJ, including its employees and agents.

28. JNJ has a common law duty and obligation to indemnify PCM as its actions were the sole, active and proximate cause of the damages.

29. The Underlying Action contains allegations against PCM for the negligence, carelessness and negligent omission of JNJ, its agents, servants and/or employees in its obligation to provide snow removal and treatment at the Valley Centre property.

30. Penn National has an obligation under its insurance contract with JNJ to provide a defense and indemnification to PCM as an additional insured under its policy.

31. As a direct and proximate result of the foregoing, Old Republic has sustained damages as aforesaid for which Penn National is liable.

32. Old Republic is subrogated to the right of PCM to seek indemnification and/or contribution against JNJ and Penn National for its payments and obligations outlined above.

WHEREFORE, Old Republic General Insurance Corporation as Subrogee of PCM Services, Inc. and Regency Centers Corporation and Divisions, Inc prays that this Court enter an Order declaring that Penn National provide a defense and indemnification for PCM Services, Inc. and Regency Centers Corporation and Divisions, Inc. as set forth herein, and award costs and such other and further relief as this Court deems just and proper.

**OLD REPUBLIC GENERAL INSURANCE CORPORATION**

By: _____
Counsel

David D. Hudgins, Esquire
HUDGINS LAW FIRM, P.C.
2331 Mill Road, Suite 100
Alexandria, Virginia 22314
(703) 739-3300
dhudgins@hudginslawfirm.com